IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMMANUEL D. ABDON,

          Petitioner,

v.                                Case No. 3:20-CV-1144-NJR

UNITED STATES OF AMERICA,

          Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Emmanuel D. Abdon's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). For the reasons set forth below, the motion is denied.

BACKGROUND

### I.    Underlying Criminal Case

On February 21, 2018, Abdon was indicted on two-counts: Enticement of a Minor, in violation of Title 18, United States Code, § 2422(b); and Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, § 2423(b). On March 8, 2018, Assistant Federal Public Defender Daniel Cronin entered his appearance on behalf of Abdon.

In July 2018, Abdon's first jury trial ended in a mistrial when it was discovered that the jury had access to Abdon's videotaped interview—which had not been entered into evidence—during deliberations. (Docs. 59, 61, 63, 67). At the first trial, Detective

Evans testified before the victim. (Doc. 80, pp. 69-86). Detective Evans testified that he conducted a detailed analysis of the forensic reports of the victim's phone and the text messages between the victim and Abdon. The Government did not go through the text messages with Detective Evans during the first trial. (*Id*. at p. 76). Instead, the Government went through the text messages with the victim. (*Id*. at pp. 113-151). Abdon's counsel *did not* ask the victim any questions during the first trial. (*Id*. at p. 151).

In November 2018, at the second trial, the victim testified before Detective Evans. (Doc. 156, pp. 13-49). Again, Abdon's counsel *did not* ask the victim any questions during the second trial. (*Id*. at p. 49). Unlike the first trial, the Government went through the text messages between the victim and Abdon with Detective Evans. (*Id*. at pp. 118-131). Then on November 28, 2018, "[a] jury found Emmanuel Abdon guilty of two counts of sex crimes: attempted enticement of a minor, and travel with intent to engage in illicit sexual conduct." *United States v. Abdon*, 788 F. App'x 399 (7th Cir. 2019).

After the second trial, Probation disclosed the initial Presentence Investigation Report ("PSR"). (Doc. 124). The initial PSR calculated an adjusted offense level of 32 and a criminal history category I, thus placing Abdon's sentencing guideline range at 121-151 months. (*Id*.). Then Probation revised the PSR to apply the reference in United States Sentencing Guideline ("U.S.S.G.") § 2G1.3, increasing the offense level to 43, thus placing Abdon's guideline range at life on Count I and 360 months on Count II. (Doc. 125).

Attorney Cronin filed a sentencing memorandum in which he requested a downward variance from the advisory guideline range calculated by Probation. (Doc. 130). Cronin conceded that the application of the guidelines was correct, but argued

that the guidelines range was excessive when considering the sentencing factors in 18 U.S.C. § 3553(a). (*Id.*).

In March 2019, now-retired District Judge Reagan sentenced Abdon to a 240-month term of imprisonment to be followed by five years of supervised release. Abdon also was ordered to pay a mandatory Special Assessment of $200 and restitution in the amount of $43,974. (Docs. 142, 144).

In April 2019, Abdon filed a notice of appeal. Abdon's trial counsel filed an *Anders* brief with the Seventh Circuit requesting leave to withdraw as counsel because he found no non-frivolous issues for review. The Seventh Circuit granted counsel's motion.

## II.     Section 2255 Petition

On October 29, 2020, Abdon timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Court found that Abdon's petition survived preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, and the Government filed a timely response on December 29, 2020. (Doc. 4).

In his petition, Abdon asks the Court to vacate, set aside, or correct his sentence because his defense counsel, Mr. Cronin, was constitutionally ineffective. Abdon provides three grounds in support of his claim of ineffectiveness of his counsel:

(1) his counsel was ineffective for failing to object to Detective Evans's testimony regarding his interview with the victim and exterior text communication without being allowed to cross-examine the victim in violation of the Confrontation Clause;

(2) his counsel was ineffective at sentencing for failing to adequately argue the sentencing enhancement for child pornography when Abdon was never charged with the offense; and

(3) his counsel was ineffective for filing an *Anders* brief on direct appeal when there were several valid issues that were preserved for direct review.

(Doc. 1).

## DISCUSSION

Title 28, Section 2255 of the United States Code requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." Habeas corpus relief under Section 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *see also Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). A petitioner can meet the threshold requirement of an extraordinary situation by demonstrating an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake*, 723 F.3d at 878-79 (citations omitted). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

## I.   Evidentiary Hearing

An evidentiary hearing for a 28 U.S.C. § 2255 motion is only granted when "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo*, 467 F. 3d at 1067. But if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a hearing is not required. *Id*. For evidentiary hearing consideration, the Seventh Circuit requires a petition made pursuant to 28 U.S.C. § 2255

to "include an affidavit setting forth the specific basis for relief." *Id*. An affidavit accompanying the petition is a threshold requirement; "its absence precludes the necessity of a hearing." *Id*. The specific allegations in the petition and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996).

The Court finds that a hearing is not required here because the files and records of the case conclusively show that Abdon is entitled to no relief. The evidence and record do not support a finding that he was unduly prejudiced or that counsel fell below an objective standard of reasonableness in his representation. Accordingly, no evidentiary hearing is required.

## II.    Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is properly raised in a Section 2255 motion because it implicates the Sixth Amendment, which provides criminal defendants the right to counsel. U.S. CONST. amend. VI. Generally speaking, counsel is ineffective when his or her conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). The Seventh Circuit has held that ineffective assistance claims are "best addressed through a motion in collateral proceeding pursuant to § 2255 because the trial record is not developed precisely for the object of litigating or preserving the claim." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (quotation and citation omitted).

"To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two-part standard set forth in *Strickland*." *McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). The petitioner must show that counsel's performance was deficient, "meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688); *see also Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.") (quoting *Harrington v. Richter*, 562 U.S. 86, 88 (2011)).

A petitioner also must show that "counsel's deficient performance prejudiced him, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688). When challenging a sentence, "a petitioner must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence." *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010) (citing *Strickland,* 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence" in the sentence. *Taylor v. Bradley*, 448 F.3d 942, 950 (7th Cir. 2006). It is not enough to show that the errors possibly had "some conceivable effect" on the sentence. *Strickland*, 466 U.S. at 694.

"Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 562 U.S. at 105 (quoting *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010)); *see also Shell v. United States*, 448

F.3d 951, 955 (7th Cir. 2006) ("[A] party bears a heavy burden in making a winning claim based on ineffective assistance of counsel."); *Sullivan v. Fairman*, 819 F.2d 1382, 1391 (7th Cir. 1987) (explaining that "few petitioners" are expected to be able to pass through the "eye of the needle created by *Strickland*").

The Court may address the elements of the *Strickland* test "in whichever order is most expedient." *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009); *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") A petitioner's "failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (citing *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990)).

### A.      Failure to Object to Detective Evans's Testimony (Ground 1)

Abdon claims his counsel was ineffective by failing to object to Detective Evans's testimony regarding his interview with the victim and the exterior text communication without being allowed to cross-examine the victim in violation of the Confrontation Clause. (Doc. 1, pp. 5, 13). Abdon notes that his counsel "failed to cross-examine the alleged victim [ ] during the second trial." (*Id.* at p. 15). According to Abdon, at the first trial, Detective Evans "testified to his participation in the investigation and to the interview that he had with [the] [victim]" (*Id.*). "Then [the] [victim] testified extensively to the events leading up to Mr. Abdon coming to Southern Illinois and to all communication that she had with him during that time period." (*Id.* at pp. 15-16). Abdon then asserts that the Government changed its trial strategy by "having [the] [victim]

testify first [instead of last] and then only having a very limited testimony that left out the reenactment of the text messages that went on between her and Mr. Abdon." (*Id.* at p. 16). "Detective Evans this time testified extensively to the interview he had with [the] [victim] and further summarized the communication between [the] [victim] and Mr. Abdon that went on through text messages, which did not allow the defense to cross-examine [the] [victim] to the contents of Detective Evans's testimony." (*Id.*).

The Sixth Amendment provides that "the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *United States v. Shaffers*, 22 F.4th 655, 660–61 (7th Cir. 2022) (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988)). The Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he [or] [she] was unavailable to testify, and the defendant had [ ] a prior opportunity for cross-examination." *United States v. Wehrle*, 985 F.3d 549, 556 (7th Cir. 2021) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)). "This right applies only to testimonial evidence." *Id.* (citing *Giles v. California*, 554 U.S. 353, 376 (2008)). "Testimonial evidence includes 'formal statements to government officers, or formalized testimonial materials such as affidavits, depositions, and the like, that are destined to be used in judicial proceedings.'" *Id.* (quoting *United States v. Brown*, 822 F.3d 966, 974 (7th Cir. 2016)).

Here, Abdon fails to demonstrate how counsel's failure to confront Detective Evans or the victim fell below an objective standard of reasonableness. Rather, his

counsel's failure to confront was reasonable because the text messages were non-testimonial evidence.[1] The text messages were not affidavits, depositions, or formal statements to government officers. The text messages were not made under circumstances that would lead Abdon to believe that they would be used at a later trial. Thus, the Confrontation Clause would not apply to the text messages.

Abdon also claims that Detective Evans testified about an interview he had with the victim, but there is nothing in the transcript showing that Detective Evans testified about an interview he had with the victim. (Doc. 156, pp. 108-158). Further, Abdon fails to demonstrate how counsel's failure to confront Detective Evans's nonexistent testimony fell below an objective standard of reasonableness.

Finally, Abdon fails to demonstrate how counsel's failure to object to Detective Evans's alleged summary of the text messages fell below an objective standard of reasonableness. Indeed, Abdon fails to cite a single example of Detective Evans's alleged summary just like he did when he appealed to the Seventh Circuit:

> Abdon presents one possible issue for appeal: that the district court improperly allowed an officer to testify about messages and emails between him and the victim. He says that the court allowed the officer to "summariz[e] evidence, interpret[ ] plain language, and draw[ ] inferences that the jury needed to make." But Abdon does not cite any examples of this or even identify which of the many testifying officers he is referring to. We have reviewed the trial transcripts to try to identify what Abdon has in mind, but we were unable to find any testimony that might correspond to this argument. We therefore conclude that this argument, too, would be frivolous.

---

[1] Additionally, the text messages are not hearsay statements. As noted by the Government, "[t]hese are statements by a party-opponent (the defendant), and the statements by the victim in response to the defendant's texts are necessary in order to provide context to the defendant's texts." (Doc. 4, p. 11).

*United States v. Abdon*, 788 F. App'x 399, 400 (7th Cir. 2019). Abdon's first ground is insufficient to provide relief under Section 2255.

### B. Failure to Argue Against the Sentencing Enhancement for Child Pornography (Ground 2)

Abdon also alleges his counsel was ineffective by failing to object to the guideline calculations in the revised Presentence Investigation Report ("PSR"). (Doc. 1, pp. 17-18). According to Abdon, his counsel was ineffective when he failed to object to the application of U.S.S.G. § 2G1.3(c)(1). Under U.S.S.G. § 2G1.3(c)(1), "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above."

Abdon fails to demonstrate how counsel's failure to object to the guideline calculation fell below an objective standard of reasonableness. Abdon does not provide the Court with any specific actions or omissions by his counsel that were unreasonable. The Seventh Circuit already noted that Abdon was "asked whether [he] objected to these calculations and he said that he did not, so Abdon has forfeited or waived appellate objections to the Guidelines range, *see United States v. Flores*, 929 F.3d 443, 448 (7th Cir. 2019), and he would lose under plain error review." *Abdon*, 788 F. App'x at 400. Additionally, his counsel's failure to object was reasonable because there was no legal

basis to argue that U.S.S.G. § 2G1.3(c)(1) was improperly applied. It would be counterproductive to hold an attorney responsible for making frivolous arguments. *See e.g., United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2018) (finding "it would be frivolous for counsel to argue that [defendant] is not a career offender").[2]

Even if his counsel's performance fell below an objective standard of reasonableness, Abdon still fails to show that his counsel's failure caused actual prejudice. Abdon fails to explain how objecting to the application of U.S.S.G. § 2G1.3(c)(1) would have impacted the Court's sentencing determination. Indeed, the Court imposed a sentence well below the advisory guideline range of life on Count 1 and 360 months' imprisonment on Count 2. *See United States v. Abdon*, Case No. 18-cr-30021-NJR, Doc. 145, p. 4. Accordingly, Abdon's second ground is insufficient to provide relief under Section 2255.

### C.    Filing An *Anders* Brief (Ground 3)

Next, Abdon claims his counsel was ineffective for filing an *Anders* brief on direct appeal when there were several valid issues that were preserved for direct review. (Doc. 1, pp. 18-19). Abdon indicates that the issues included the two arguments raised above, and the fact that "the Defense preserved a specific argument where it objected to the mistrial being dismissed without prejudice when it was clearly the fault of the Government that [ ] Abdon's 5-hour interview was placed with the jury as admissible

---

[2] To be clear, the Court knows that Abdon is not arguing that his counsel failed to argue he is not a career offender. The Court uses *Redden*, 875 F.3d 374, to show frivolous arguments are counterproductive.

evidence when it was not admitted into the trial evidence which highly prejudiced the outcome of the first trial." (*Id*. at p. 18).

The Court will not readdress Abdon's first two arguments.[3] As to Abdon's third argument, he fails to demonstrate how counsel's failure to bring this argument on appeal fell below an objective standard of reasonableness. "A mistrial is appropriate when an event during trial has a real likelihood of preventing a jury from evaluating the evidence fairly and accurately, so that the defendant has not been deprived of a fair trial." *United States v. Hilliard*, 851 F.3d 768, 778 (7th Cir. 2017) (internal quotations and citation omitted). The Seventh Circuit reviews "a court's decision to declare a mistrial for an abuse of discretion." *United States v. Taylor*, 569 F.3d 742, 746 (7th Cir. 2009) (citing *United States v. Vaiseta*, 333 F.3d 815, 818 (7th Cir. 2003)). The Seventh Circuit's review "becomes even more deferential in a situation such as this, where the 'manifest necessity' prompting the mistrial is a deadlocked jury." *Id*. (citations omitted).

With this in mind, the record simply fails to support Abdon's assertion that his counsel should have challenged on appeal now-retired District Judge Reagan's decision to declare a mistrial. The jurors had access to extraneous material. This material was a video that contained inadmissible information. (Doc. 68, p. 3). "[I]n at trial where the presentation of evidence lasted only about four hours, the Court [found] it impossible to

---

[3] As to his second claim, Abdon appears to bring a new argument. Specifically, Abdon argues that his counsel should have argued on appeal that the Government failed to present all elements of the offense in the indictment. (Doc. 1, p. 18). The problem is the application of the cross reference did not alter the elements of the offenses that had to be proven at trial. As such, Abdon also fails to demonstrate how counsel's failure to make this argument fell below an objective standard of reasonableness.

say that five hours of additional evidence would not be prejudicial to the Defendant." (*Id*.). Thus, Abdon's third ground is insufficient to provide relief under Section 2255.

### CERTIFICATE OF APPEALABILITY

The Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See* FED. R. GOV. §2255 PROC. 11. A petitioner cannot appeal the denial of a Section 2255 petition unless this Court or the Court of Appeals issues a certificate of appealability. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when the petitioner demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Welch v. United States*, 136 S. Ct. 1258, 1263 (2016). The Court will not issue a certificate of appealability because reasonable jurists would not debate that Abdon has not met either prong of the *Strickland* test for ineffective assistance of counsel.

### NOTICE

If Abdon wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Abdon chooses to go straight to the Seventh Circuit, he must file a notice of

appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Abdon files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Abdon will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned Chief District Judge has already declined to issue a certificate of appealability. Thus, Abdon must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Abdon cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Abdon plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Abdon wants to start with the undersigned, he should file a

motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within **28 days** of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Abdon showing excusable neglect or good cause.

CONCLUSION

For the reasons set forth above, Emmanuel D. Abdon's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED.** The Court **DECLINES** to issue a certificate of appealability.

This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 18, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**